UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JAMIE MAHN )
 )
    Plaintiff, )
 )
vs. ) Case No.:
 )
JEFFERSON COUNTY, )
STATE OF MISSOURI )  **PLAINTIFF DEMANDS TRIAL**
    Serve:  Wes Wagner, )  **BY JURY**
        County Clerk/Election Authority )
        729 Maple Street )
        Hillsboro, MO  63050 )
 )
23rd JUDICIAL CIRCUIT, )
STATE OF MISSOURI )
    Serve:  Howard Wagner, )
        Circuit Clerk, 23rd Judicial Circuit )
        400 1st Street )
        Hillsboro, MO  63050 )
 )
WES WAGNER, Individually and in his Official )
Capacity as County Clerk/Election Authority of )
Jefferson County, Missouri )
    Serve:  Wes Wagner, )
        County Clerk/Election Authority )
        729 Maple Street )
        Hillsboro, MO  63050 )
 )
HOWARD WAGNER, Individually, and in his )
Official Capacity as Circuit Clerk of the 23rd )
Judicial Circuit, Jefferson County, Missouri )
    Serve:  Howard Wagner, )
        Circuit Clerk, 23rd Judicial Circuit )
        400 1st Street )
        Hillsboro, MO  63050 )
 )
JEANETTE MCKEE, Individually, and in her )
Official Capacity as Unit Manager within the )
Circuit Clerk's Office, Jefferson County, Missouri )
    Serve:  Jeanette McKee, )
        Circuit Clerk, 23rd Judicial Circuit )
        400 1st Street )
        Hillsboro, MO  63050 )
 )
    Defendants. )

# COMPLAINT
## (Violation of First Amendment – Patronage Discharge from Employment)

JURISDICTION AND VENUE

1. This action arises under the First and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § § 1983 and 1988. The Court has jurisdiction over this claim pursuant to 42 U.S.C. § 1331.

2. Venue is proper before this Court as the unlawful acts committed occurred in Jefferson County, State of Missouri. (28 U.S.C. Section 1391).

PARTIES

3. Plaintiff Jamie Mahn is a citizen of the United States and a resident of Jefferson County, Missouri.

4. Defendant Jefferson County, State of Missouri is a political subdivision of the State of Missouri located in Jefferson County, Missouri. Defendant Jefferson County, State of Missouri at all times herein had taken its actions against Plaintiff through agents and employees acting within the scope and course of their employment and under color of law.

5. Defendant 23rd Judicial Circuit, State of Missouri is a judicial district of the State of Missouri located in Jefferson County, Missouri. Defendant 23rd Judicial Circuit, State of Missouri at all times herein had taken its actions against Plaintiff through agents and employees acting within the scope and course of their employment and under color of law.

6. Defendant Wes Wagner was at all times relevant herein the elected County Clerk/Election Authority for Jefferson County and a resident of Jefferson County, Missouri. He is the son of Defendant Howard Wagner. At all times relevant herein Defendant Wes Wagner acted within the scope and course of his employment and under color of law. He is sued both individually and in his official capacity.

2

7.  Defendant Howard Wagner was at all times relevant herein the elected Circuit Clerk for Jefferson County and a resident of Jefferson County, Missouri. At all times relevant herein Defendant Howard Wagner acted within the scope and course of his employment and under color of law. He is sued both individually and in his official capacity.

8.  Defendant Jeanette McKee was at all times relevant herein the Unit Manager within the Circuit Clerk's Office for Jefferson County and a resident of Jefferson County, Missouri. At all times relevant herein Defendant Jeanette McKee acted within the scope and course of her employment and under color of law. She is sued both individually and in her official capacity.

STATEMENT OF FACTS

9.  In December 2012, Plaintiff began her employment with the Defendant 23rd Judicial Circuit, in the Circuit Clerk's Office of Jefferson County, State of Missouri as a deputy clerk assigned to the ex parte division, issuing orders of protection. Her immediate supervisor was Defendant Jeanette McKee. The manager of the office was Defendant Howard Wagner.

10. In August of 2014, Jefferson County, Missouri was preparing for political primary elections which would occur on August 5, 2014. Defendant Howard Wagner's term of office would expire in November 2014, and he made known his intent to retire at the expiration of that term. Defendant McKee was running for Howard Wagner's position unopposed on the Democratic ticket.

11. Prior to the election on August 5, 2014, Defendant Howard Wagner summoned Plaintiff into his office. Defendant Wagner had apparently viewed Plaintiff's Facebook page where she was supportive of one of the Republican candidates for the Circuit Clerk's Office. Defendant Wagner told Plaintiff, "I know you are having drinks with a Republican candidate,"

which was not true. The purpose of the meeting was to forcefully impress upon Plaintiff the need for her to vote for McKee and the Democratic ticket.

12. In the course of the meeting, Defendant Wagner told Plaintiff how close their family ties were, going back generations – that her father and grandfather were solid democrats, and that she only had her job because of their family's political alliance with the Democratic Party. Defendant Wagner told Plaintiff, "I've appointed Jeanette (McKee) to take my position, she's been with me 18 years; you need to vote for her." Plaintiff responded, "I'll vote for whoever I want to, and what you're threatening is unconstitutional." Defendant Wagner responded, "It's my office." The meeting then ended.

13  Immediately after, Plaintiff went to lunch with her coworkers and told them what Defendant Wagner had just threatened. One coworker responded that she had received the same speech and threat nearly a week ago when Wagner believed she was going to vote Republican. That coworker now has Democratic advertisements in her front yard.

14. Plaintiff thereafter appeared at the Defendant Jefferson County Clerk's Office to obtain an absentee ballot to participate in the election.

15. Plaintiff obtained a Republican absentee ballot. Plaintiff completed the ballot and returned it to the office of Defendants Jefferson County and Wes Wagner. Plaintiff fully believed that her ballot would be kept secret.

16. Under Missouri law, absentee ballots are confidential, with limited exceptions. The Revised Statutes of Missouri § 115.289(2), provides:

> "2. Except as provided in subsection 4 of this section (cities not within a county), all lists of applications for absentee ballots shall be kept confidential to the extent that such lists of applications shall not be posted or displayed in any area open to the general public, nor shall such lists of applications be shown to any person who is not entitled to see such lists of applications, either pursuant to the provisions of this chapter or any other provisions of law. Persons entitled to see such lists shall include a candidate or a duly authorized representative of a campaign committee

4

as defined in section 130.011, or any person with written authorization from a candidate, or any person that has applied for an absentee ballot."

17. Defendant Howard Wagner himself did not qualify for any of the exceptions under § 115.289(2). Defendant Wes Wagner had access to the absentee list with or without a candidate's written release. Defendant Jeanette McKee had access, if she wanted, but she had no need for the list as an unopposed candidate unless she wanted it for the illegal purpose of discharging Plaintiff.

18. Apart from the limited exceptions to confidentiality related to absentee ballots, all other voting occurring on Election Day is absolutely confidential from disclosure. Section 115.629 of the Revised Statutes of Missouri criminalizes, both as misdemeanors and felonies, the disclosure of ballots and voter's identification whether an election authority, election judge, etc.

19. Defendant Wes Wagner is a Democrat. His father, Defendant Howard Wagner, is a Democrat, and Defendant Jeanette McKee is a Democrat.

20. Plaintiff voted for the Republican ticket for the Office of Circuit Clerk. She did not believe Defendant McKee was a competent replacement for the circuit clerk position having worked with her for nearly two (2) years.

21. After the election, Plaintiff went on Family Medical Leave for a personal illness and returned to work on August 26, 2014. Defendant Howard Wagner summoned her again to his office. In this meeting, Wagner told Plaintiff, "I know how you voted," expressing his disappointment and frustration.

22. After that meeting, Plaintiff's coworkers told her she "has a rude awakening coming."

23. On August 29, 2014, Defendant Howard Wagner called a meeting with his entire staff, thanked them for his birthday gifts, and told them, "I know how *everyone* voted; don't

believe that if Mike Rueter (the Republican primary nominee) is elected, he won't clean house." The point of these statements was two-fold: (1) to let his employees know they had no public election privacy rights under his administration, and (2) to blatantly threaten his employees to vote Democratic in the general election to keep their jobs.

24. Not everyone employed in the Circuit Clerk's Office voted by absentee, as did Plaintiff. The only way Defendant Howard Wagner could have obtained the information regarding how *"everyone"* voted, was from his son, Defendant Wes Wagner. Defendant Wes Wagner is the Election Authority for Jefferson County, having access to all voter information.

25. Plaintiff had been absent on the date of the 29th meeting, and Defendant Howard Wagner was out of his office for a short period of time after the 29th meeting. On September 19, 2014, Defendant Howard Wagner handed Plaintiff her "pink slip," as he had threatened. The termination letter was dated September 19, 2014, and stated:

> "This is to inform you, pursuant to Supreme Court Operating Rule 7.B.11.4, of my intent to dismiss you as an employee of the 23rd Judicial Circuit, *effective today, August 29, 2014.*"

The termination letter had been typed on August 29, 2014 – the date Howard Wagner knew how *"everyone"* voted, but he forgot to change the discharge date in the letter itself.

26. Plaintiff was then escorted out of the building in tears – completely humiliated and embarrassed in front of her coworkers. Everyone knew she had just been made an example of the political power of Howard Wagner's office, and the Democratic Party in power in Jefferson County government.

27. After Plaintiff's termination, Plaintiff applied for unemployment benefits. The Missouri Department of Employment Security contacted Defendant Jeanette McKee to verify her previous employment and temporary benefits. Defendant McKee told the Division clerk that Plaintiff was never employed in the 23rd Judicial District. The purpose in doing so was to further

humiliate and retaliate against Plaintiff for exercising her First Amendment rights, causing a delay in her benefits.

28. The conduct of Defendants was in violation of the First and Fourteenth Amendments of the United States Constitution. Governmental patronage discharges from employment have long been prohibited by the United States Supreme Court.[1]

29. Further, and ironically, Defendants Howard Wagner and Jeanette McKee are executives employed in the very institution which imposes criminal penalties for conduct they, themselves, committed. Section 115.637(6), RSMo., provides that the following conduct is a Class Four Election Offense, punishable as a class A misdemeanor:

> "115.637. The following offenses, and any others specifically so described by law, shall be class four election offenses and are deemed misdemeanors not connected with the exercise of the right of suffrage. Conviction for any of these offenses shall be punished by imprisonment of not more than one year or by a fine of not more than two thousand five hundred dollars or by both such imprisonment and fine:
>
> …(6) On the part of any employer, making, enforcing, or attempting to enforce any order, rule, or regulation or adopting any other device or method to prevent an employee from engaging in political activities, accepting candidacy for nomination to, election to, or the holding of, political office, holding a position as a member of a political committee, soliciting or receiving funds for political purpose, acting as chairman or participating in a political convention, assuming the conduct of any political campaign, signing, or subscribing his name to any initiative, referendum, or recall petition, or any other petition circulated pursuant to law;"

30. As a direct and proximate result of the Defendants' conduct, Plaintiff Jamie Mahn suffered extreme embarrassment, personal humiliation, outrage, mental and emotional distress; lost wages and benefits of employment; and now the costs of this action.

31. The actions of the Defendants were intentional, malicious and with deliberate indifference to, and reckless disregard for, the rights of Plaintiff, entitling Plaintiff to punitive

---

[1] *Elrod v. Burns*, 427 U.S. 347 (1976); *Branti v. Finkel*, 445 U.S. 507 (1980); and *Rutan, et al. v. Republican Party of Illinois*, 497 U.S. 62 (1990).

damages against the individual Defendants.

32. Plaintiff is further entitled to recover her reasonable attorney's fees pursuant to 42 U.S.C. §§ 1983 and 1988.

WHEREFORE, Plaintiff Jamie Mahn prays for judgment in her favor and against Defendants for compensatory damages exceeding $500,000.00, lost wages and benefits of employment, punitive damages against Defendants Howard Wagner, Wes Wagner and Jeanette McKee, costs of this action, attorney's fees pursuant to 42 U.S.C. 1983 and 1988, and such other and further relief as the Court deems just and proper.

>Respectfully submitted,
>THE BAGSBY LAW FIRM
>
>/s/   Larry A. Bagsby
>Larry A. Bagsby, #37296
>125 North Main Street, Suite 204
>St. Charles, MO  63301
>(636) 244-5595 telephone
>(636) 244-5596 facsimile
>larrybagsby@aol.com