UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMIE MAHN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:14-CV-1806 NAB |
| | ) |
| JEFFERSON COUNTY, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant 23rd Judicial Circuit's Motion to Dismiss, Defendants Howard Wagner and Jeannette McKee's Motion to Dismiss, and Plaintiff Jamie Mahn's Motion for Leave to File First Amended Complaint. [Docs. 11, 13, 19.] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge. [Doc. 25.] Based on the following, the Court will deny the Defendants' Motions to Dismiss as moot and grant Plaintiff's Motion for Leave to File a First Amended Complaint.

**I.    Background**

Plaintiff Jamie Mahn filed this action against defendants Jefferson County, State of Missouri; 23rd Judicial Circuit, State of Missouri; Wes Wagner, individually and in his official capacity as county clerk/election authority of Jefferson County, Missouri; Howard Wagner, individually and in his official capacity as the Circuit Clerk of the 23rd Judicial Circuit, Jefferson County, Missouri; and Jeannette McKee, individually and in her official capacity as Unit Manager within the Circuit Clerk's Office, Jefferson County. [Doc. 1.] Mahn alleged that defendants violated her constitutional rights under the First and Fourteenth Amendments to the United States Constitution by discharging her from employment. Defendants 23rd Judicial

Circuit, Howard Wagner, and Jeannette McKee filed Motions to Dismiss Mahn's Complaint. [Docs. 11, 13.] Plaintiff filed Memoranda in Opposition to the Motions to Dismiss. [Docs. 17, 18.] Plaintiff also filed a Motion for Leave to File First Amended Complaint. [Doc. 19.] Plaintiff contends that the First Amended Complaint addresses all of the issues presented in Defendants' Motions to Dismiss; therefore she seeks leave to file an amended complaint rendering Defendants' motions as moot. None of the Defendants have filed a response to Plaintiff's Motion for Leave to File a First Amended Complaint and the time to do so has now passed.

## II. Standard of Review

A defendant may file a motion to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* Also, "while legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

A party may amend its pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b)(e), or (f), whichever is

earlier. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(1)(2). "Unless the Court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later." Fed. R. Civ. P. 15(a)(3).

## III. Discussion

The Court has carefully reviewed the Defendants' Motions to Dismiss, Plaintiff's Complaint, Plaintiff's Motion for Leave to file a First Amended Complaint, and Plaintiff's proposed First Amended Complaint. The Court will grant Plaintiff's Motion for Leave to File a First Amended Complaint. Defendants did not file any memoranda in opposition and the Court has found no other reason to deny Plaintiff's Motion. Because the Court has granted Plaintiff leave to file a First Amended Complaint, the Court will deny Defendants' Motions to Dismiss as moot.

Further, because Plaintiff's First Amended Complaint adds a new party, in compliance with Rule 10(a), the Court will order Plaintiff to file a First Amended Complaint that includes the names of all parties to the action in the caption of the First Amended Complaint no later than February 5, 2015. The Court will order the Clerk to strike Document 20 from the record.

Finally, this matter is currently set for a Rule 16 Conference on February 24, 2015. If any of the current defense counsel will be representing newly added Defendant Mike Reuter, the Court requests that counsel submit a *Consent to Jurisdiction of Magistrate Judge* form, either consenting to the Court's jurisdiction or requesting reassignment to a district court judge, before the date of the Rule 16 Conference so that this case can proceed in a timely manner.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File First Amended Complaint is **GRANTED**. [Doc. 19.]

**IT IS FURTHER ORDERED** that, pursuant to Fed. R. Civ. P. 10(a), Plaintiff shall file a First Amended Complaint that includes the names of all parties to the action in the caption of the First Amended Compliant no later than **February 5, 2015**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall strike Document 20 from the record.

**IT IS FURTHER ORDERED** that Defendant 23rd Judicial Circuit's Motion to Dismiss is **DENIED as moot**. [Doc. 11.]

**IT IS FURTHER ORDERED** that Defendants Howard Wagner and Jeannette McKee's Motion to Dismiss is **DENIED as moot**. [Doc. 13.]

Dated this 3rd day of February, 2015.

/s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE