UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMIE MAHN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:14-CV-1806 NAB |
| | ) |
| JEFFERSON COUNTY, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant 23rd Judicial Circuit's Motion to Dismiss [Doc. 32.], Defendants Howard Wagner and Jeanette McKee's Motion to Dismiss [Doc. 34.], and Defendant Mike Reuter's Motion to Dismiss [Doc. 50.]. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). The motions are now fully briefed and the Court will grant in part and deny in part Defendants' motions.

**I.    Background**

Plaintiff Jamie Mahn filed this action against defendants Jefferson County, State of Missouri; 23rd Judicial Circuit, State of Missouri; Wes Wagner, individually and in his official capacity as county clerk/election authority of Jefferson County, Missouri; Howard Wagner, individually and in his official capacity as the former Circuit Clerk of the 23rd Judicial Circuit, Jefferson County, Missouri; Jeanette McKee, individually and in her official capacity as Unit Manager within the Circuit Clerk's Office, Jefferson County; and Mike Reuter, in his official capacity as the current Circuit Clerk of the 23rd Judicial Circuit. [Doc. 1.] In Plaintiff's First Amended Complaint, she brings three counts against the defendants. [Doc. 28.] Count I is a

claim for violation of the First Amendment-patronage discharge from employment brought pursuant to 42 U.S.C. §§ 1983 and 1988 against Defendants Jefferson County, Wes Wagner, Howard Wagner, Jeanette McKee, and Mike Reuter. In Count II, Mahn brings a Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 claim against Defendant 23rd Judicial Circuit. Mahn alleges that she was told that she was terminated for "abuse of sick leave." Count III was voluntarily dismissed without prejudice by Plaintiff on April 2, 2015.

## II. Standard of Review

Federal Rule of Civil Procedure 8(a)(2) requires that a claim for relief must contain a short and plain statement that demonstrates grounds for the court's jurisdiction, showing that the pleader is entitled to relief, and a demand for the relief sought. The pleading standard does not require detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.*

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the court must take all of the factual allegations in the complaint as true, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678. "[W]here well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but has not shown that the pleader is entitled

to relief." *Iqbal*, 556 U.S. at 678. "The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a sheer possibility." *Braden v. Wal-Mart Stores*, 588 F.3d 585, 594 (8th Cir. 2009). "It is not, however, more than a probability requirement." *Iqbal*, 556 U.S. at 678. "And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556.

"In addition, some factual allegations may be so indeterminate that they require further factual enhancement in order to state a claim." *Braden*, 588 F.3d at 594. The complaint "should be read as a whole, not parsed piece by piece to determine whether each allegation in isolation, is plausible." *Id.* "Ultimately, evaluation of a complaint upon a motion to dismiss is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

### III. Discussion

#### A. Count I

In Count I of the First Amended Complaint, Mahn makes the following factual allegations: Mahn was employed by the 23rd Judicial Circuit in the Circuit Clerk's Office as a deputy clerk assigned to the *ex parte* division, processing orders of protection. Before the primary election of August 5, 2014, Defendant Howard Wagner, the former Circuit Clerk for Jefferson County, told Mahn that she had to vote for Defendant McKee, her immediate supervisor, to replace him as Circuit Clerk. Howard Wagner told her that their families had family ties going back generations and she only had her job because of her family's alliance with the Democratic Party. Mahn told Howard Wagner that his threat was unconstitutional and she would vote for whomever she wanted. Howard Wagner responded that it was his office. Mahn

then obtained a Republican absentee ballot and returned it to Jefferson County and Defendant Wes Wagner, Howard Wagner's son and the County Clerk/Election Authority. After the August 5, 2014 election, Mahn went on family medical leave for a personal illness. Upon Mahn's return to work, Howard Wagner told her, "I know how you voted." A few days later, Howard Wagner announced to staff (at a meeting Mahn did not attend) that he knew how everyone voted and that Defendant Mike Reuter would clean house if he were elected. Defendant Wes Wagner shared with his father Howard Wagner how everyone voted, because he had access to all voters' information. Mahn alleges that on September 19, 2014, she was terminated by a letter dated August 29, 2014. After Mahn was terminated, Defendant McKee lied and told the Missouri Department of Employment Security that Plaintiff was never employed in the 23rd Judicial District.

1.  **Defendant Jeanette McKee**

Defendant McKee contends that Mahn has failed to allege that Defendant McKee was personally involved in any actions involving her termination; therefore, McKee should be dismissed from this action. Further, McKee states that she is entitled to qualified immunity, because Mahn cannot show the denial of a constitutional right or that any such right was clearly established. Mahn responds that she cannot plead more specific allegations until discovery is undertaken. Mahn also contends that patronage discharge has been declared unlawful for nearly four decades.

Even under the most generous pleading standard, Mahn's First Amended Complaint fails to assert any claim against McKee for unconstitutional patronage discharge. Mahn does not allege that McKee was personally involved in Mahn's discharge from the Circuit Clerk's office. Mahn admits as much in her response to McKee's Motion to Dismiss. The scant allegations

against McKee refer to conduct that occurred after Mahn's discharge. In the context of § 1983 claims, a supervisor is only liable for her own misconduct and may only be held individually liable under § 1983 if she directly participates in the constitutional violations. *Wagner v. Jones*, 664 F.3d 259, 275 (8th Cir. 2011). Mahn has not pled that McKee participated in the decision to terminate her employment, which is essential to her § 1983 claim for patronage discharge. Therefore, the Court will grant Defendant Jeanette McKee's Motion to Dismiss.

### 2. Defendant Mike Reuter

Next, Defendant Reuter contends that he should be dismissed from this action, because Mahn's First Amended Complaint fails to contain allegations establishing a claim against Reuter, because he was not personally responsible for any actions taken against Mahn. In response, Mahn asserts that because Reuter is the current officeholder of the office of Circuit Clerk, he must be added as a party for her to obtain equitable relief. Federal Rule of Civil Procedure 25(d), not cited by either party, provides as follows:

> An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name, but any misnomer not affecting the parties' substantial rights must be disregarded. The court may order substitution at any time, but the absence of such an order does not affect the substitution.

Reuter does not dispute that he is the current officeholder and that the official officeholder must be named for Mahn to obtain equitable relief. According to Fed. R. Civ. P. 25(d), this substitution is automatic. Once Reuter took office he was automatically substituted as the Circuit Clerk in this action and Reuter can be sued in his official capacity as the successor in office.

In his Reply Brief, Reuter also asserts that Mahn has failed to properly plead official capacity claims against him. Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). "It is not a suit against the official personally, for the real party in interest is the entity." *Id.* at 166. "Because the real party in interest in an official-capacity suit is the governmental entity and not the named official, the entity's policy or custom must have played a role in the violation of federal law." *Hafer v. Melo*, 502 U.S. 21, 25 (1991). At the motion to dismiss stage, a plaintiff does not have to plead the specific existence of an unconstitutional policy or custom. *Doe v. School Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003). "When a complaint is filed, a plaintiff may not be privy to the facts necessary to accurately describe or identify any policies or customs which may have caused the deprivation of a constitutional right." *Id.* "At a minimum, a complaint must allege facts which would support the existence of an unconstitutional policy or custom." *Id.* A single incident is insufficient to establish a policy. *Id.*

Mahn's First Amended Complaint does not allege that a specific unconstitutional policy or custom exists. Liberally construing Mahn's complaint, the Court finds that she has sufficiently plead allegations that would lead the court to draw an inference that the conduct resulted from an unconstitutional policy or custom of the Circuit Clerk's office. *Doe*, 340 F.3d at 614. Mahn's allegations in paragraphs 12-14, 22-24 allege that Howard Wagner threatened Mahn and other co-workers with dismissal if they did not vote for McKee in the Democratic Party primary. These allegations are sufficient to allege a policy or custom actionable under § 1983. Therefore, Reuter's motion to dismiss official capacity claims against him will be denied.

### B. Count II

Finally, the 23rd Judicial Circuit asserts that Mahn's claim in Count II for violation of the Family Medical Leave Act should be dismissed, because they have Eleventh Amendment immunity. Mahn responds that the 23rd's Judicial Circuit's sovereign immunity under the Eleventh Amendment does not prevent her from obtaining equitable relief, including reinstatement, attorney's fees and costs. In its Reply Brief, Defendant 23rd Judicial Circuit, states that Mahn's equitable claims should be dismissed, because she has not pled facts demonstrating a serious injury with respect to her ear condition or that she was fired for taking FMLA leave for a serious health condition.

There is no dispute that any suit against the 23rd Judicial Circuit for monetary damages under the FMLA is barred by the state's sovereign immunity as provided for by the Eleventh Amendment to the U.S. Constitution. *Coleman v. Court of Appeals of Maryland*, 132 S.Ct. 1327, 1332 (2012). Defendant 23rd Judicial Circuit acknowledges that Mahn's equitable claims are not barred by sovereign immunity, but states that Mahn also fails to state a claim under the FMLA that her ear condition is a serious health condition. The Court disagrees. Mahn's First Amended Complaint clearly alleges that her hysterectomy and serous effusion qualified as "serious physical illnesses." In this case, the allegation that Mahn's illness meets the definition of a serious health condition under the FMLA requires discovery and further development of the facts. Therefore, the 23rd Judicial Circuit's motion to dismiss Count II will be denied at this time.

## IV. Conclusion

In summary, the Court will grant Defendant Jeanette McKee's Motion to Dismiss; deny Defendant Howard Wagner's Motion to Dismiss as moot; deny Defendant Mike Reuter's motion to dismiss; and deny Defendant 23rd Judicial Circuit's Motion to Dismiss Count II as to equitable relief, and deny as moot its Motion to Dismiss Count III.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant 23rd Judicial Circuit's Motion to Dismiss is **DENIED.** [Doc. 32.] Defendant 23rd Judicial Circuit's Motion to Dismiss Count II is **DENIED**. Defendant 23rd Judicial Circuit's Motion to Dismiss Count III is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Defendant Howard Wagner and Jeanette McKee's Motion to Dismiss is **GRANTED in part** and **DENIED in part as moot**. [Doc. 34.] Defendant Jeanette McKee's Motion to Dismiss claims against her in Count I is **GRANTED**. Defendant Howard Wagner's Motion to Dismiss claims against him in Count III is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Defendant Mike Reuter's Motion to Dismiss is **DENIED**. [Doc. 50.]

Dated this 4th day of May, 2015.

    /s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE